## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **DEACERO S.A.P.I. DE C.V. and DEACERO USA, INC.**<br><br>    **Plaintiffs,**<br><br>**v.**<br><br>**UNITED STATES,**<br><br>    **Defendant.** | Court No. 20-03924 |

## COMPLAINT

Plaintiffs, Deacero S.A.P.I. de C.V. ("Deacero") and Deacero USA, Inc., ("Deacero USA") (collectively, "Plaintiffs"), by and through their counsel, allege and state as follows:

### JURISDICTION

1.      This action is brought pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and (a)(2)(B)(iii). This Court has jurisdiction pursuant to 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2).

2.      Plaintiffs seek judicial review of certain portions of the final results of the antidumping duty administrative review of steel concrete reinforcing bar from Mexico (Case No. A-201-844), issued by the U.S. Department of Commerce ("Commerce" or the "Department") and published in the *Federal Register* as *Steel Concrete Reinforcing Bar from Mexico: Final Results of Antidumping Duty Administrative Review; 2017–2018*, 85 Fed. Reg. 71053 (Dep't Commerce Nov. 6, 2020) ("Contested Final Determination"). Commerce's factual and legal conclusions underlying the Contested Final Determination are set forth in the accompanying "Steel Concrete Reinforcing Bar from Mexico: Issues and Decision Memorandum for the Final

Results of Antidumping Duty Administrative Review; 2017-2018" dated November 2, 2020 ("Issues and Decision Memorandum").

**STANDING**

3.     Plaintiff Deacero is a foreign producer and exporter of steel concrete reinforcing bar covered by the antidumping duty order and the administrative review now being challenged. Plaintiff Deacero USA is an importer of steel concrete reinforcing bar covered by the antidumping duty order and the administrative review now being challenged. Plaintiffs are therefore interested parties, as defined in 19 U.S.C. §§ 1677(9)(A) and 1516a(f)(3). Plaintiffs participated in the underlying proceeding by filing questionnaire responses, filing case and rebuttal briefs and other comments. Therefore, as interested parties that were parties to the proceeding below, Plaintiffs have standing to bring this action under 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

**TIMELINESS OF THE ACTION**

4.     This action is timely under 28 U.S.C. § 1581(c). Commerce published its antidumping duty administrative review final results on November 6, 2020. *Steel Concrete Reinforcing Bar from Mexico: Final Results of Antidumping Duty Administrative Review; 2017–2018*, 85 Fed. Reg. 71053 (Dep't Commerce Nov. 6, 2020). Under 19 U.S.C. §§ 1516a(a)(5) and 1516a(a)(2)(A), because the Contested Final Determination involves merchandise from a free trade area country, the time limit for filing a summons begins to run on the 31st day after the date on which notice of determination is published in the Federal Register and expires 30 days thereafter.  Under CIT Rule 3(a)(2), the complaint must be filed within 30 days after filing of the summons.

5.      In accordance with Article 15(c)(2) of United States-Mexico-Canada Agreement ("USMCA") and Rule 38 of the USMCA Rules of Procedures for Article 10.12 (Binational Panel Reviews), Plaintiffs provided their Notice of Intent to Commence Judicial Review on November 25, 2020.  Plaintiffs are filing a Summons and this Complaint on December 21, 2020. Consequently, the Summons and Complaint are timely filed.

## BACKGROUND

6.      In response to timely filed requests for review, Commerce initiated an antidumping duty administrative review of steel concrete reinforcing bar from Mexico for the period November 1, 2017, through October 31, 2018. *See Notice of Initiation of Antidumping and Countervailing Duty Administrative Reviews,* 84 Fed. Reg. 2159 (Dep't Commerce Feb. 6, 2019).

7.      Commerce issued to Deacero its initial questionnaire and several supplemental questionnaires. Plaintiffs submitted to Commerce timely responses to each of Commerce's questionnaires and provided all requested information and explanations.

8.      On November 16, 2016, Commerce published in the *Federal Register* its preliminary determination, in which Commerce determined a preliminary antidumping duty margin of 7.25 percent for Deacero. *Steel Concrete Reinforcing Bar From Mexico: Preliminary Results of Antidumping Duty Administrative Review; 2017-2018*, 85 Fed. Reg. 2,702 (Dep't Commerce Jan. 16, 2020) ("Preliminary Determination").

9.      In calculating the preliminary antidumping duty margin for Deacero, Commerce deducted from U.S. price an amount for duties of 25 percent imposed pursuant to the President's Proclamation 9894 under Section 232 of the Trade Expansion Act of 1962, as amended ("section

232 duties"). By deducting section 232 duties, Commerce reduced Deacero's U.S. price and thereby increased Deacero's antidumping duty margin significantly.

10.     On June 17, 2020, Deacero timely submitted its case brief, in which it objected to the deduction of section 232 duties. Deacero argued that section 232 duties should not be deducted from its U.S. price because section 232 duties were not ordinary customs duties. such deduction contravened the bilateral agreement between the United States and Mexico in which the United States agreed to eliminate section 232 duties on imports from Mexico, and violated the Administrative Procedures Act.

11.     On November 2, 2020, Commerce issued its final determination, and its accompanying "Issues and Decision Memorandum." The final determination was published in the Federal Register on November 6, 2020.

12.     In the final determination, Commerce continued to deduct section 232 duties from Deacero's U.S. price and, after correcting for certain clerical errors in its calculation, determined a final antidumping duty margin of 7.12 percent for Deacero.

13.     This appeal followed.

## STATEMENT OF CLAIMS

14.     In the following respects and for other reasons apparent from the record of the proceeding, the Contested Final Determination is not supported by substantial evidence on the record or otherwise not in accordance with law.

## Count One

15.     Paragraphs 1 through 14 are incorporated by reference.

16.     Commerce's determination to deduct from the price of Deacero's U.S. sales an amount for section 232 duties is not supported by substantial evidence on the record and is otherwise not in accordance with the law.

## PRAYER FOR RELIEF AND JUDGMENT

WHEREFORE, Plaintiffs respectfully request that this Court:

(A)     Enter judgment in favor of Plaintiffs;

(B)     Hold as unlawful Commerce's final antidumping duty determination that is the subject of this Complaint;

(C)     Remand this proceeding to Commerce with instructions to publish a revised final results of review and recalculation of the antidumping duty rate applied to Deacero in conformity with the Court's decision; and

(D)     Grant Plaintiffs such additional relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Rosa S. Jeong
Rosa S. Jeong
Sonali Dohale
Franchiny M. Ovalle
GREENBERG TRAURIG, LLP
2101 L Street NW, Suite 1000
Washington, DC  20037
(202) 331-3100

Dated:  December 21, 2020     Counsel for Plaintiffs Deacero S.A.P.I, de C.V. and Deacero USA, Inc.