UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE JANE A. RESTANI, SENIOR JUDGE

| | |
|---|---|
| **DEACERO S.A.P.I. DE C.V. AND DEACERO USA, INC.** | |
| **Plaintiffs,** | |
| **v.** | |
| **UNITED STATES,** | **Court No. 20-03924** |
| **Defendant,** | |
| **and** | |
| **REBAR TRADE ACTION COALITION,** | |
| **Defendant-Intervenor.** | |

## <u>MOTION TO STAY</u>

Rosa S. Jeong
Friederike S. Görgens
Sonali Dohale
GREENBERG TRAURIG, LLP
2101 L Street, N.W., Suite 1000
Washington, DC  20037
(202) 331-3100 (Phone)
(202) 331-3101 (Fax)

*Counsel for Plaintiffs Deacero S.A.P.I. de C.V. and Deacero USA, Inc.*

August 12, 2021

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ....................................................................................................... 2

II.   BACKGROUND ......................................................................................................... 1

III.  LEGAL STANDARD.................................................................................................. 4

IV.  ARGUMENT .............................................................................................................. 5

    A.  Staying This Case Would Conserve Judicial Resources........................................ 5

    B.  Staying This Case Would Not Prejudice Defendant or Defendant-Intervenor................. 6

    C.  Not Staying This Case Could Deprive Deacero of Judicial Remedy ................................. 6

V.   CONCLUSION........................................................................................................... 8

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Am. Life Ins. Co. v. Stewart*, 300 U.S. 203 (1937)..........................................................................4

*Cherokee Nation of Okla. v. United States*, 124 F.3d 1413 (Fed. Cir. 1997) ................................4

*Georgetown Steel Co. v. United States*, 27 CIT 550, 59 F. Supp. 2d 1344 (2003)......................4

*Gillig v. Nike, Inc.*, 602 F.3d 1354 (Fed. Cir. 2010) .....................................................................7

*In re PersonalWeb Technologies v. Patreon, Inc.., et al.*, 961 F. 3d 1365
(Fed. Cir. 2020)...............................................................................................................................7

*JTEKT Corp. v. United States*, No. 06-00250, 2012 Ct. Int'l Trade LEXIS 73
(June 4, 2012)..................................................................................................................................4

*Landis v. North American Co.*, 299 U.S. 248 (1936).....................................................................4

*Maple Leaf Marketing Inc. v. United States et al.*, No. 20-00125, 2021 WL 2557798
(Ct. Int'l Trade June 22, 2021)........................................................................................................2

*Mars Inc. v. Nippon Conlux Kabushiki-Kaisha*, 58 F.3d 616 (Fed. Cir. 1995) .............................8

*Old Republic Ins. Co. v. United States*, 9 CIT 190 (1985) ............................................................4

*Parklane Hosiery Co. v. Shore*, 439 U.S. 322 (1979)....................................................................7

*Tembec, Inc. v. United States*, 29 CIT 656 (2005)........................................................................4

*Transpacific Steel LLC v. United States*, No. 20-2157, 2021 U.S. App. LEXIS 20625
(Fed. Cir. July 13, 2021) .................................................................................................................2

*Universal Steel Prod., Inc. et al v. United States*, 495 F. Supp. 3d 1336
(Ct. Int'l Trade 2021)........................................................................................................... 1, 3, 5, 6

*Zhejiang Native Produce & Animal By-Products Import & Export Grp. Corp. v.
United States*, 227 F. Supp. 3d 1375 (Ct. Int'l Trade 2017) ..........................................................5

**Statutes**

19 U.S.C. § 1516a(a)(2) ..................................................................................................................7

19 U.S.C. § 1516a(a)(2)(A)-(B).......................................................................................................7

19 U.S.C. § 1677b(a)(6)...................................................................................................................1

19 U.S.C. § 1862(c) .................................................................................................... 2, 3

28 U.S.C § 1581(c) ........................................................................................................ 7

**Other Authorities**

*Proclamation 9705 of March 8, 2018 Adjusting Imports of Steel Into the United States*,
83 Fed. Reg. 11,625 (Mar. 15, 2018) ............................................................................. 3

*Proclamation 9711 of March 22, 2018 Adjusting Imports of Steel Into the United States*,
83 Fed. Reg. 13,361 (Mar. 28, 2018) ............................................................................. 2

*Steel Concrete Reinforcing Bar from Mexico: Final Results of Antidumping Duty Administrative
Review; 2017-2018*, 85 Fed. Reg. 71,053 (Dep't of Commerce Nov. 6, 2020) ................ 1, 5, 7

## I.    <u>INTRODUCTION</u>

Plaintiffs Deacero S.A.P.I. de C.V. and Deacero USA, Inc. (together, "Deacero") respectfully move for an order staying this action pending final disposition of *Universal Steel Prod., Inc. et al v. United States*, 495 F. Supp. 3d 1336 (Ct. Int'l Trade 2021), *appeal docketed*, No. 21-1726 (Fed. Cir.  March 10, 2021), litigation that concerns the validity of the Section 232 duties themselves—a legal prerequisite to the application of Section 232 duties in *any* context, including the U.S. Department of Commerce's ("Commerce") treatment of such duties as ordinary customs duties deductible from U.S. price in its antidumping calculations pursuant to 19 U.S.C. § 1677b(a)(6).

## II.    <u>BACKGROUND</u>

Deacero is challenging Commerce's determination in *Steel Concrete Reinforcing Bar from Mexico: Final Results of Antidumping Duty Administrative Review; 2017-2018*, 85 Fed. Reg. 71,053 (Dep't of Commerce Nov. 6, 2020) ("*Final Results*") on the grounds that Commerce's treatment of Section 232 duties paid by Deacero as ordinary customs duties and deduction from U.S. price is unsupported by substantial evidence and otherwise not in accordance with law. In support of its claim, Deacero made several arguments relating to the interpretation of the underlying legal authority—including an argument that the Section 232 duties at issue in this case were imposed in a manner contrary to law because they violated the procedural time limitations, and as a result Commerce cannot treat them as ordinary customs duties deductible from U.S. price under 19 U.S.C. § 1677b(a)(6).

Deacero is aware of related cases before this Court and the U.S. Court of Appeals for the Federal Circuit ("CAFC") that examine whether various presidential actions implementing Section 232 duties were in accordance with the statutory timing provisions of Section 232. However, two

of those cases—*Maple Leaf Marketing Inc. v. United States et al.*, No. 20-00125, 2021 WL

2557798 (Ct. Int'l Trade June 22, 2021) and *Transpacific Steel LLC v. United States*, No. 20-2157,

2021 U.S. App. LEXIS 20625 (Fed. Cir. July 13, 2021)—address different legal issues and factual

circumstances and are not dispositive authority on the specific issue in this case. In *Maple Leaf* the

Court did not address the question whether the tariffs were properly implemented within the 90-

and 15-day time limit because they were implemented as one of two separate actions through

Proclamation 9711 which both had to adhere to the statutory time limitation. *See Maple Leaf*, 2021

WL 2557798.

Although the Federal Circuit in *Transpacific* addressed the 90- and 15-day time limitations

in the Section 232 statute, the facts in *Transpacific* also distinguish that case from the facts

underlying the implementation of Section 232 duties on Mexican steel imports. *See Transpacific*,

U.S. App. LEXIS 20625. The tariffs implemented on Turkish steel imports through Proclamation

9705 constituted *one* action (which the Federal Circuit determined could be adjusted months later

from 25% to 50% without violating the statutory time limitations of § 1862(c)). *See id*. at *3. With

respect to the tariffs on Mexican steel imports, there are two distinct actions that were taken, one

of which violated the statutory time limitations of § 1862(c) because it was not implemented within

the 90- and 15-day time limit. 19 U.S.C. § 1862(c). While Proclamation 9705 only took a single

action with respect to Mexico by announcing negotiations and no application of tariffs,

Proclamation 9711 took two actions: (1) the implementation of tariffs on steel imports from

Mexico and (2) ongoing negotiations with Mexico. Proclamation 9711 states that it "superseded"

any action taken in Proclamation 9705 inconsistent with Proclamation 9711. *See Proclamation

9711 of March 22, 2018 Adjusting Imports of Steel Into the United States*, 83 Fed. Reg. 13,361,

13,364, ¶ (10) (Mar. 28, 2018) ("Proclamation 9711"). The Merriam-Webster Dictionary defines

the word "supersede" as "to take the place or position of" or "to displace in favor of another." *Supersede*, MERRIAM-WEBSTER.COM, https://www.merriam-webster.com/dictionary/supersede (last visited Aug. 11, 2021). Therefore, the plain language of Proclamation 9711 and the dual action taken in Proclamation 9711 displace the single action taken in Proclamation 9705. *See Proclamation 9705 of March 8, 2018 Adjusting Imports of Steel Into the United States*, 83 Fed. Reg. 11,625 (Mar. 15, 2018) ("Proclamation 9705"). Both actions with respect to Mexico in Proclamation 9711 were subject to the procedural statutory safeguards of 19 U.S.C. § 1862(c), but one of those actions—the tariffs—were not implemented within the required time period.

Deacero acknowledges that the Court in *Universal Steel* recently addressed the timeliness of Section 232 duties as applied to Mexico and Canada, however, the judgment entered by the Court in that case is now on appeal before the Federal Circuit and therefore the issue of whether the Section 232 tariffs as applied to Mexican steel imports are unlawful is not yet settled. *See Universal Steel Prod.*, 495 F. Supp. 3d, *appeal docketed*, No. 21-1726 (Fed. Cir. March 10, 2021).

Deacero respectfully moves for an order staying this action pending final disposition of the *Universal Steel* litigation, which would settle the issue of whether the tariffs on Mexican steel imports violated the procedural time limitations of Section 232. The validity of Section 232 duties on Mexico is a legal prerequisite to Commerce's treatment of them as ordinary customs duties and deduction from U.S. price, which Deacero is challenging in this case.

Pursuant to Rule 7(b) of the Rules of the Court of International Trade, Plaintiffs consulted with all other parties in the above-captioned appeal regarding this motion. On August 11, 2021, Ann Motto of the United States Department of Justice, counsel to Defendant United States, indicated via email that Defendant opposes this motion. On August 12, 2021, Maureen Thorson of

Wiley Rein LLP, counsel to Defendant-Intervenors RTAC, indicated via email that Defendant-Intervenor also opposes this motion.

## III.   <u>LEGAL STANDARD</u>

This Court "possesses the inherent authority to stay cases pending on its docket in order to promote efficient judicial administration." *Old Republic Ins. Co. v. United States*, 9 CIT 190, 192 (1985); *see also Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). The decision when and how to stay a proceeding rests "within the sound discretion of the trial court." *Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997) (citations omitted). A case may properly be stayed pending the outcome of another case which will settle and simplify the issues in the case to be stayed. *See Am. Life Ins. Co. v. Stewart*, 300 U.S. 203, 215 (1937) ("In the exercise of a sound discretion {a court} may hold one lawsuit in abeyance to abide the outcome of another, especially where the parties and the issues are the same.").

To determine whether a stay is appropriate, the Court should balance the interests of the moving and non-moving parties as well as interests of the court. *See Georgetown Steel Co. v. United States*, 27 CIT 550, 552-53, 59 F. Supp. 2d 1344, 1346-47 (2003); *see also Landis*, 299 U.S. at 254. Generally, the party seeking a stay bears the burden of showing "a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis,* 299 U.S. at 255. Yet absent potential damages to other parties, "a clear case of hardship or inequity in being required to go forward" is not required. *JTEKT Corp. v. United States*, No. 06-00250, 2012 Ct. Int'l Trade LEXIS 73 at *11 (June 4, 2012). This Court has previously stayed actions involving an administrative

review of an existing antidumping order pending the final resolution of a related case. *See e.g.,* *Tembec, Inc. v. United States*, 29 CIT 656, 657 (2005) (finding a stay was warranted where "the prospect of a refined and possibly narrower scope of litigation, as well as the short duration of time requested for the stay, outweigh any potential harm to defendants or to the public interest."); *Zhejiang Native Produce & Animal By-Products Import & Export Grp. Corp. v. United States*, 227 F. Supp. 3d 1375, 1379 (Ct. Int'l Trade 2017).

## IV.   ARGUMENT

### A.   Staying This Case Would Conserve Judicial Resources

The interests of judicial economy and economy of resources for the parties strongly favors staying this action. Deacero is challenging Commerce's treatment of Section 232 duties as ordinary customs duties as not in accordance with law because the duties themselves, as applied to imports of Mexican steel products, are unlawful because they were implemented outside of the applicable statutory time limits, making any action taken by Commerce to deduct the duties from U.S. price *ultra vires*. Compl. ¶ 16, ECF No. 2; Pl.'s Br. Supp. of Mot. for J., May 10, 2021, ECF No. 23 ("Pl. Br") at 10-11. The validity of the Section 232 duties themselves—a legal prerequisite to the application of Section 232 duties in *any* context—is at the core of the *Universal Steel* appeal. If the Federal Circuit overturns this Court's decision in *Universal Steel*, then Commerce's treatment of Section 232 duties as ordinary customs duties would be *ultra vires* and judicial resources would be conserved because the Court need not consider Deacero's other arguments prior to remanding to Commerce with instructions not to deduct the unlawful Section 232 duties from U.S. price. If this Court grants Plaintiffs' motion to stay and the Federal Circuit instead affirms this Court's decision, then judicial resources would be conserved because this Court would need to consider one less argument that Deacero has made in support of its claim that Commerce's *Final Results*

were unsupported by substantial evidence and otherwise not in accordance with law. Therefore, Deacero respectfully submits it is in the interest of judicial economy to stay this case pending the disposition of the *Universal Steel* appeal.

Briefing at the Federal Circuit is underway in the *Universal Steel* appeal, and that case is moving towards resolution. Plaintiffs-Appellants filed their opening brief on May 24, 2021. *See* Principal Brief of Appellants, *Universal Steel*, No. 21-1726 (Fed. Cir. May 24, 2021).  On June 22, 2021 Defendants-Appellees filed a motion to extend the time to file their response brief, and the court granted their motion on June 28, 2021. *See* Order Granting Motion to Extend Time to File Brief, *Universal Steel*, No. 21-1726 (Fed. Cir. June 28, 2021). Defendants-Appellees response brief is currently due on August 26, 2021, and Plaintiffs-Appellants reply brief is currently due on October 18, 2021.

### B.  Staying This Case Would Not Prejudice Defendant or Defendant-Intervenor

Neither Defendant nor Defendant-Intervenor will be harmed by a stay in this action. Liquidation of Deacero's entries is enjoined during the pendency of this appeal. Therefore, Defendant United States will not be prejudiced or harmed by an order to stay the instant case concerning Deacero's entries during the period covered by the administrative review. The government will be able to complete its final assessment of the appropriate antidumping duties— as well as finalize collection of Section 232 duties should they be found not to be unlawful—upon the final disposition of *Universal Steel* and this instant action.

### C.  Not Staying This Case Could Deprive Deacero of Judicial Remedy

Deacero has alleged a single claim: Commerce's decision in its *Final Results* to treat Section 232 duties as ordinary customs duties and deduct them from U.S. price is unsupported by substantial evidence and otherwise not in accordance with law. Deacero's cause of action accrued

only upon the final agency action, i.e., when Commerce issued its *Final Results*. Jurisdiction to challenge Commerce's *Final Results* is available *only* under 28 U.S.C. § 1581(c), which provides for review of final determinations in antidumping administrative reviews. Any action challenging Commerce's determination under § 1581(c) had to be initiated within 30 days of the publication of the *Final Results* in the Federal Register. *See* 19 U.S.C. § 1516a(a)(2)(A)-(B); *see also Steel Concrete Reinforcing Bar from Mexico*, 85 Fed. Reg. at 71,053.

If this Court does not grant Deacero's motion to stay pending final disposition of *Universal Steel*, and instead makes a judgement on the merits and sustains Commerce's *Final Results*, Deacero could be deprived of judicial remedy should subsequent to the Court's decision in the instant litigation, the Federal Circuit in *Universal Steel* find the Section 232 duties are unlawful. Under such scenario, Deacero would potentially be precluded from bringing another case challenging Commerce's results because either: (1) Deacero would be time-barred because challenges to Commerce decisions under 28 U.S.C. § 1581(c) must be brought within 30 days of publication of such decision in the Federal Register pursuant to 19 U.S.C. § 1516a(a)(2); or (2) Deacero would face potential claim preclusion.

Under the doctrine of claim preclusion, "a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979); *see also Gillig v. Nike, Inc.*, 602 F.3d 1354, 1363 (Fed. Cir. 2010) ("Claims arising from the same nucleus of operative facts are barred by res judicata."); *In re PersonalWeb Technologies v. Patreon, Inc.., et al.*, 961 F. 3d 1365, 1375 (Fed. Cir. 2020), *petition for cert. docketed*, No. 19-1918 (April 7, 2021) ("under well-settled principles of claim preclusion, different arguments or assertions in support of liability do not all constitute separate claims. Regardless of the number of substantive theories available to a party and

regardless of the differences in the evidence needed to support each of those theories, a party may not split a single claim into separate grounds of recovery and raise those separate grounds in successive lawsuits."). Therefore, a party must raise in a single lawsuit all the grounds of recovery arising from a particular transaction that it wishes to pursue. *See Mars Inc. v. Nippon Conlux Kabushiki-Kaisha*, 58 F.3d 616, 619 (Fed. Cir. 1995). Here, Deacero's claim that Commerce's decision to treat Section 232 duties as ordinary customs duties deductible from U.S. price in the *Final Results* is properly before the Court in this proceeding because although Deacero is alleging multiple legal bases for challenging the *Final Results*, Deacero is only making a single claim challenging one agency action. Because the Federal Circuit's decision in *Universal Steel* could be dispositive of the validity of the Section 232 duties themselves as applied to Mexican steel imports—a prerequisite to the application and use of Sections 232 duties in Commerce's antidumping calculations—the Court should stay this action until the final disposition of *Universal Steel*.

## V.   <u>CONCLUSION</u>

For the reasons set forth above, Deacero respectfully requests that the Court grant Deacero's motion to stay this action pending the final disposition of *Universal Steel*.  A proposed order is attached.

Dated:  August 12, 2021                    Respectfully submitted,


                                           /s/ Rosa S. Jeong
                                           Rosa S. Jeong
                                           Sonali Dohale
                                           Friederike S. Görgens
                                           GREENBERG TRAURIG, LLP
                                           2101 L Street, N.W., Suite 1000
                                           Washington, DC  20037
                                           (202) 331-3100 (Phone)
                                           (202) 331-3101 (Fax)

                                           *Counsel for Plaintiffs Deacero S.A.P.I. de C.V. and
                                           Deacero USA, Inc*