Slip Op. 21-171

## UNITED STATES COURT OF INTERNATIONAL TRADE

DEACERO S.A.P.I DE C.V. AND
DEACERO USA, INC.,

v.

UNITED STATES,                                   Before: Jane A. Restani, Judge

　　　　Defendant,                              Court No. 20-03924
and

REBAR TRADE ACTION COALITION,

　　　　Defendant-Intervenor.

OPINION

[Antidumping Duty Determination in Review of Order on Steel Concrete Reinforcing Bar from Mexico Sustained]

Dated: December 20, 2021

　　　　Rosa S. Jeong and Sonali Dohale, Greenberg Traurig LLP, of Washington, D.C., argued for Plaintiffs Deacero S.A.P.I. de C.V. and Deacero USA, Inc. With them on brief was Friederike S. Görgens.

　　　　Ann C. Motto, Trial Attorney, Civil Division, U.S. Department of Justice, of Washington, D.C., argued for the Defendant. Of counsel on the brief was Ian A. McInerney, Counsel, Office of Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, D.C.

　　　　Maureen E. Thorson, Wiley Rein LLP, of Washington, D.C., argued for Defendant-Intervenors Rebar Trade Action Coalition. With her on brief were Alan H. Price and John R. Shane.

　　　　Restani, Judge: Before the court is a motion for judgment on the agency record pursuant to United States Court of International Trade ("USCIT") Rule 56.2, in an action challenging a final determination of the United States Department of Commerce ("Commerce"). The final

determination at issue resulted from Commerce's findings during an administrative review of the

antidumping ("AD") order covering steel concrete reinforcing bar ("rebar") products from

Mexico. Plaintiffs Deacero S.A.P.I. DE C.V. and Deacero USA, Inc. (collectively, "Deacero")

challenge the calculation.

## BACKGROUND

a.      **Antidumping Administrative Review and Determination**

On February 6, 2019, Commerce initiated an antidumping duty administrative review of

rebar products from Mexico for the period of November 1, 2017, through October 31, 2018.

Initiation of Antidumping and Countervailing Duty Administrative Reviews, 84 Fed. Reg. 2,159,

2,161 (Dep't Commerce Feb. 6, 2019). On March 1, 2019, Commerce selected Deacero as a

mandatory respondent to be individually examined. Commerce Respondent Selection

Memorandum, P.R. 10 (Mar. 1, 2019). Commerce issued its Preliminary Results and

accompanying Preliminary Decision Memorandum on January 9, 2020, and published the results

in the Federal Register. Decision Memorandum for the Preliminary Results on Antidumping

Duty Administrative Review: Steel Concrete Reinforcing Bar from Mexico; 2017-2018, A-201-

844, POR 11/1/2017-10/31/2018 (Dep't Commerce Jan. 9, 2020) ("PDM"); Steel Concrete

Reinforcing Bar from Mexico: Preliminary Results of Antidumping Duty Administrative

Review; 2017-2018, 85 Fed. Reg. 2,702 ("Preliminary Results") (Dep't Commerce Jan. 16,

2020). Commerce issued the Final Results on November 6, 2020, resulting in a 7.12% margin for

Deacero. Steel Concrete Reinforcing Bar from Mexico: Final Results on Antidumping Duty

Administrative Review; 2017-2018, 85 Fed. Reg. 71,053 (Dep't Commerce Nov. 6, 2020).

b.      **Treatment of Section 232 Duties**

On March 8, 2018, the President exercised his authority under Section 232 of the Trade

Expansion Act of 1962, as amended, and mandated the imposition of a global tariff of 25 percent

on imports of steel articles from all countries, except Canada and Mexico. Proclamation No.

9705 of March 8, 2018, 83 Fed. Reg. 11,625, 11,626 (Mar. 15, 2018) ("Proclamation 9705").

The Section 232 duties went into effect on March 23, 2018, and applied "in addition to any other

dut[y]." Id. at 11,627–28.   By its terms, Proclamation 9705 was issued in order to "enable

domestic steel producers to use approximately 80 percent of existing domestic production

capacity and thereby achieve long-term economic viability through increased production" and to

"ensure that domestic producers can continue to supply all the steel necessary for critical

industries and national defense." Id. at 11,625–26; see also 19 U.S.C. § 1862(d). Proclamation

9705 excluded Canada and Mexico in order "to continue ongoing discussion" regarding steel

articles imports. Proclamation 9705 at 11,626.

On March 22, 2018, the President issued another proclamation, declaring that the Section

232 duties would be effective for steel articles from Mexico, Canada, and other designated

countries beginning May 1, 2018. Proclamation No. 9711 of March 22, 2018, 83 Fed Reg.

13,361, 13,362–64 (Mar. 28, 2018) ("Proclamation 9711"). The President noted, however, that

the United States was "continuing discussions with Canada and Mexico," as well as the other

countries, to identify "satisfactory alternative means to address the threatened impairment to

national security by imports of steel articles." Id. at 13,361. On April 30, 2018, the President

extended the temporary exemption for Mexico and other countries until June 1, 2018.

Proclamation No. 9740 of April 30, 2018, 83 Fed. Reg. 20,683 (May 7, 2018).  On May 19,

2019, after the Section 232 duties went into effect for Mexico and Canada, the President

exempted Mexico and Canada from the Section 232 tariffs on a long-term basis after adopting

alternative measures that were stated to ensure imports would "no longer threaten to impair the

national security." Proclamation No. 9894 of May 19, 2019, 84 Fed. Reg. 23,987, 23,987–88

(May 23, 2019) ("Proclamation 9894"). The President stated that the United States reached an

agreement with Mexico and Canada "to prevent the importation of steel articles that are unfairly

subsidized or sold at dumped prices," while also "permitting the domestic industry's capacity

utilization to continue at approximately the target level recommended." Id.

   In the Preliminary Results, Commerce treated the Section 232 duties paid by Deacero as

"United States import duties" under 19 U.S.C. § 1677a(c)(2)(A) and therefore deducted the

Section 232 duties on the United States price side of the dumping comparison from Deacero's

export price ("EP") and constructed export price ("CEP"). PDM at 12–14. Deacero argued that

Commerce should not deduct Section 232 duties because the duties were special duties, not

"United States import duties." Deacero Submission of Case Br. at 5–15, P.R. 173 (June 17,

2020). Deacero also argued that Commerce must submit its proposed methodology for Section

232 duties for notice-and-comment proceedings. Id. at 15–19. In its final Decision

Memorandum, Commerce determined that Section 232 duties were more akin to normal customs

duties than to antidumping or countervailing ("AD/CV") duties, codified in 19 U.S.C. §§ 1671,

1673, or Section 201 duties, codified in 18 U.S.C. § 2251, which are not deducted. Steel

Concrete Reinforcing Bar from Mexico: Issues and Decision Memorandum for the Final Results

of Antidumping Duty Administrative Review; 2017-2018, A-201-844, POR 11/1/2017-

10/31/2018 at 11-13 (Dep't Commerce Nov. 2, 2020) ("Final I&D Memo"). Commerce

explained that there was no risk of imposing an impermissible double remedy by deducting

Section 232 duties because <u>Proclamation 9705</u> stated that the duties were to be imposed in

addition to other duties and the Section 232 duties were an import duty. <u>Id. at 13</u>; <u>Proclamation</u>

<u>9705 </u> at 11,627–28.

      **c.**      **Challenge to AD Review Determination**

      On December 21, 2020, Deacero commenced the instant action against the United States

pursuant to 19 U.S.C. § 1516a(a)(1). Compl., ECF No. 2 (Dec. 21, 2020). Deacero claims the

AD determination is unsupported by substantial evidence or is otherwise contrary to law because

Commerce incorrectly treated Section 232 duties as normal U.S. customs duties and did not use

notice-and-comment proceedings before that treatment. Compl. ¶¶ 15–16; Pls. Deacero Mem. in

Supp. of their R. 56.2 Mot. For J. on the Agency R. at 21–36, ECF No. 23-1 (May 10, 2021)

("Deacero Br.").[1]

## JURISDICTION AND STANDARD OF REVIEW

      The court has jurisdiction pursuant to 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2).

The court sustains Commerce's results of an administrative review of an AD duty order unless it

is "unsupported by substantial evidence on the record, or otherwise not in accordance with

law[.]" 19 U.S.C. § 1516a(b)(1)(B)(i).

---

[1] In its original brief, Deacero also argued that the implementation of Section 232 tariffs on steel imports from Mexico was unlawful, and thus, the tariffs were invalid. Deacero Br. at 10–21. Deacero later withdrew the argument. Letter regarding withdrawal of legal argument at 1, ECF No. 34 (Sep. 7, 2021).

Court No. 20-03924                                                           Page 6

## DISCUSSION

**I.      Section 232 Duties May Be Deducted From United States Price**

The adjustments of EP and CEP are set forth in section 772(c) of the Tariff Act of 1930,

codified at 19 U.S.C. § 1677a(c). EP and CEP are to be reduced by "the amount, if any, included

in such price, attributable to any additional costs, charges, or expenses, and United States import

duties, which are incident to bringing the subject merchandise from the original place of

shipment in the exporting country to the place of delivery in the United States . . ." 19 U.S.C.

§ 1677a(c)(2)(A) (emphasis added).

When Congress has directly spoken to the precise question at issue, it ends the matter—

"the court, as well as the agency, must give effect to the unambiguously expressed intent of

Congress." Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc., 467 U.S. 837, 842–43 (1984);

Wheatland Tube Co. v. United States, 495 F.3d 1355, 1359 (Fed. Cir. 2007). When the statute is

silent or ambiguous with respect to the specific issue, then the court must evaluate whether

Commerce's interpretation "is based on a permissible construction of the statute." Chevron, 467

U.S. at 843. The inquiry is into "the reasonableness of Commerce's interpretation." NSK Ltd. v.

United States, 26 CIT 650, 654, 217 F. Supp. 2d 1291, 1296 (2002).

Because the operable statute does not define "United States import duties," in Stainless

Steel Wire Rod from the Republic of Korea: Final Results of Antidumping Duty Administrative

Review, 69 Fed. Reg. 19,153 (Dep't Commerce Apr. 12, 2004).  Commerce issued an

interpretation of the phrase "United States import duties" with regard to the deductibility of

Section 201 safeguard duties, 19 U.S.C. § 2251, utilizing formal notice and comment procedures.

Id. at 19,157–61. Commerce concluded Section 201 duties should not be deducted as "import

duties." Id. at 19,159–61. There, Commerce relied on the legislative history of the Antidumping

Act of 1921 to conclude there is a distinction between certain "special dumping duties" and

"normal customs duties" (also referred to as "United States import duties"). Id. at 19,159 (citing

S. Rep. No. 67-16, at 4 (1921)) (emphasis added). In upholding as reasonable Commerce's

interpretation that Section 201 safeguard duties are not "United States import duties," the Federal

Circuit clearly stated that "United States import duties" is an ambiguous phrase in the statute.

Wheatland Tube, 495 F.3d at 1359–60.

Recently, the court held that Commerce did not err in treating Section 232 duties, unlike

Section 201 duties, as "United States import duties." Borusan Mannesmann Boru Sanayi v.

Ticaret A.S., 45 CIT __, __, 494 F. Supp. 3d 1365, 1376 (2021). The court stated that

Commerce's differing treatment was a reasonable decision because "Section 201 duties [were]

more akin to antidumping duties and that there [was] an interplay between antidumping duties

and Section 201 duties, which [was] not present with Section 232 duties." Id. The court reasoned

that antidumping duties continue after the President imposes Section 232 duties while prior to

imposition of Section 201 duties consideration must be given to "internationally accepted

remedies for unfair trade practices," including antidumping duties. Id. at 1375. Thus, the court

held that there was no "impermissible double counting" when it came to Section 232 duties

because the statutory term "import duties" was broad enough to include "all import duties except

antidumping duties." Id. at 1375–76. In particular, the deduction of antidumping duties presents a

circularity problem. Id. at 1373. In contrast, deducting Section 232 duties merely take EP and

CEP back to a level for better comparison to normal value. Id. at 1371, 1375-76.

Here, Deacero has not shown no reason to reject the court's prior decision in Borusan.

The presidential proclamations detailing Section 232's applicability to Mexico do not undermine

Borusan's holding that Commerce can consider Section 232 duties "import duties." See id. at

1376. Deacero argues that the language of the presidential proclamations reveals that the purpose

of the Section 232 duties as applied to Mexico was the same as antidumping duties, and thus, the

duties were impermissibly double counted. Deacero Br. at 29–31. This argument misses the

point. There would only be impermissible double counting if there was clear statutory interplay

between Section 232 duties and antidumping duties. See Borusan, 494 F. Supp. at 1375. Here,

there is no such interplay. See id.

In Proclamation 9711, the President applied the Section 232 duties to Mexico for the

same stated reasons that any Section 232 duties were implemented, primarily for national

defense reasons based on the status of domestic steel production. Compare Proclamation 9711 at

13,361 (stating that the tariff would apply until there was "a satisfactory alternative means to

address the threat to the national security" from steel imports), with Proclamation 9705 at

11,625–26 (explaining that the tariff was to "ensure that domestic producers can continue to

supply all the steel necessary for critical industries and national defense.").[2] While the

---

[2] The court looks to the statutory purpose of the Section 232 duties, national security, and not the particular ways that national security was addressed by the duties. See 19 U.S.C. § 1862. The particular ways national security is accomplished has nothing to do with the statutory purpose, whether it is the protection of a vital domestic industry or stopping funds being used to support terrorism. Compare Proclamation 9705 at 11,625–26 (explaining that the tariff was to "ensure that domestic producers can continue to supply all the steel necessary for critical industries and national defense."), with Proclamation 4907 of March 10, 1982, 47 Fed Reg. 10,507 (Mar. 10, 1982) (stating "Libyan policy and action supported by revenues from the sale of oil imported into the United States are inimical to the United States national security.").

President's justifications for lifting the Section 232 duties on Mexico involved some discussion

of ending the sale of steel sold at "dumped prices," there remained no interplay with the Section

232 statute and antidumping duties. See Proclamation 9894 at 23,987–88; 19 U.S.C. § 1862.

Antidumping duties continue after the President imposes Section 232 duties, and the duties are

separate and distinct. See Proclamation 9705 at 11,627 (stating that "all steel articles imports

specified . . . shall be subject to an additional 25 percent ad valorem rate of duty . . . in addition

to any other duties, fees, exactions, and charges applicable to such imported steel articles"); see

also Borusan, 494 F. Supp. at 1375–76. Thus, the reasoning of Borusan applies in equal force

here. Finally, while Deacero argues that Commerce did not provide a reasoned basis for its

decision based on impermissible double counting, Commerce sufficiently explained its

reasoning. See Final I & D Memo at 12-13. Commerce compared Section 232 duties to

antidumping duties to conclude that there was no overlap. Id. Accordingly, the court sustains

Commerce's decision that the CEP and EP may be reduced by Section 232 duties paid.

## II.     There Was No Violation of the Administrative Procedure Act

The final issue before the court is whether Commerce's decision to deduct Section 232

duties from EP and CEP was without proper notice to Deacero and thus violated principles of

administrative law. Section 553 of the Administrative Procedure Act ("APA") requires agencies,

including Commerce, to give interested parties notice and an opportunity to comment on

proposed rulemaking. 5 U.S.C. § 553. A rule is defined as "an agency statement of general or

particular applicability and future effect designed to implement, interpret, or prescribe law or

policy." 5 U.S.C. § 551(4). This court has repeatedly held that notice and comment procedures

"do not apply to antidumping administrative procedures, which mostly involve fact-based,

Court No. 20-03924                                                                              Page 10

investigative activities." <u>See</u> <u>Jiaxing Brother Fastener Co. v. United States</u>, 36 CIT __, __, 961 F.

Supp. 2d 1323, 1331 (2014) (internal citation omitted); <u>JTEKT Corp. v. United States</u>, 35 CIT

510, 523, 768 F. Supp. 2d 1333, 1347-48 (2011); <u>see also</u> <u>Shakeproof Assembly Components,</u>

<u>Div. of Illinois Tool Works, Inc. v. United States</u>, 268 F.3d 1376, 1381 (Fed. Cir. 2001) (noting

that "Even where Commerce has not engaged in notice-and-comment rulemaking, its statutory

interpretations articulated in the course of antidumping proceedings draw <u>Chevron</u> deference.").

      Here, Commerce was not required to engage in notice-and-comment rulemaking to

deduct Section 232 duties from Deacero's U.S. price. Notice-and-comment procedures do not

apply in antidumping administrative procedures because they are fact-based, investigative

activities. <u>See Jiaxing Brother Fasterner Co.</u>, 916 F. Supp. 2d at 1331. The decision to deduct

Section 232 duties as import duties is not a new policy because the antidumping statute requires

Commerce to deduct import duties. <u>See</u> 19 U.S.C. § 1677a(c)(2)(A). There was no agency

statement or rule necessary to announce because Commerce was only complying with its

statutory duty, the language of Proclamation 9705, and its interpretative rule that Section 232

duties were import duties. <u>See</u> 5 U.S.C. § 553. Accordingly, Commerce did not fail to comply

with the APA.

<b>CONCLUSION</b>

      The court sustains Commerce's determination regarding the AD order for rebar products

from Mexico.

                                   /s/      Jane A. Restani
                                   Jane A. Restani. Judge

Dated: December 20, 2021
       New York, New York